IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Darryl Timmons, | ) | Case No.: 12-02476-BGC-13 |
| | ) | |
| Debtor. | ) | |
| | | |
| Darryl Timmons, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | A. P. No.: 12-00137 |
| | ) | |
| Rose Acceptance, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

The matters before the Court are a <u>Motion for Temporary Restraining Order to Prohibit Sale of Property</u> and a <u>Motion for Expedited Hearing on Debtor's Motion for Temporary Restraining Order to Prohibit Sale of Property</u>, both filed by the plaintiff on September 19, 2012. The pleadings were filed at about 1:00 p.m., and according to the debtor's counsel were served either electronically or by U.S. mail on Mr. Jim Greer, attorney of record, for Rose Acceptance, Inc.[1] An emergency hearing was held at 10:30 a.m. on September 20, 2012. Appearing were: the debtor; his attorney Rebecca Bozeman; Jim Greer, the attorney for Rose Acceptance, Inc.; and Sims Crawford, the Chapter 13 Standing Trustee.

**I. Background Facts**

This debtor has had three cases in the last three years. Rose Acceptance, or its related company First National Bank of America, has been involved in all three of those cases.

---

[1] Mr. Greer represented to the Court that his client had authorized him to accept service of the complaint on its behalf.

1

### A. Case No. 10-05003-BGC-13

The debtor filed Case No. 10-05003-BGC-13 on August 20, 2010. Docket No. 1. First National Bank of America, who held a security interest in the debtor's home filed a Motion for Relief from Automatic Stay on November 12, 2010. A hearing was scheduled for December 7, 2010. Before the hearing, the parties advised the Court that a settlement on the motion had been reached. The parties submitted an order and the Court entered the Order on December 7, 2010, with the following conditions:

    1. The Motion for Relief is conditionally denied.

    2. Movant shall be allowed to file a secured claim for the post petition arrearage through December 2010 totaling $ 1543.08 which includes attorney fees and costs of $550.00

    3. Movant and Debtor agree that should the debtor fail to make any future monthly mortgage payment, beginning with the payment due January 5, 2011, Movant shall send a written twenty (20) day notice of default, to the debtor and debtor's attorney, at their addresses listed in the petition. Should the debtor fail to cure the default within twenty (20) days of said notice, Movant shall have relief from the stay without further order of the Court.

    4.. The debtors plan is amended to pay First National Bank of America a fixed payment of $ 38.57 on its arrearage claim.

Order, December 7, 2010, Docket No. 36.

The debtor failed to pay the January 2011 through May 2011 mortgage payments. The mortgage company sent a notice to cure the default. The debtor failed to cure the default. A foreclosure was scheduled for August 25, 2011. The foreclosure was continued to September 27, 2011. On September 26, 2011, the debtor filed a Motion to Dismiss his case. Docket No. 57. The Court entered an Order granting the debtor's motion to dismiss on September 26, 2011. Docket No. 58.

### B. Case No. 11-04853-BGC-13

The debtor filed Case No. 11-04853-BGC-13 on September 26, 2011. Docket No. 1. The debtor filed a Motion to Extend Automatic Stay on September 26, 2011. Docket No. 3. First National Bank of America filed an Objection to Debtor's Motion to Extend Stay on October 6, 2011. Docket No. 29. After notice and a hearing, the Court entered an Order on October 19, 2011, granting the debtor's Motion to Extend Automatic Stay as to all creditors except First National Bank. The debtor and First National agreed to extend the stay as to First National based on certain conditions.

The parties submitted an agreed Order and the Court entered that order on October 25, 2011, with the following conditions:

> 1. The stay is extended as to First National Bank of America so long as the terms below are met.
>
> 2. The debtor is to amend his plan to pay First National Bank of America on their arrearage through October 2011 in the plan.
>
> 3. Should the debtor fail to make any future monthly direct mortgage payment, beginning with the November, 2011 payment, by the 15th day of each month, First National Bank of America will give the debtor and debtors attorney a fifteen (15) day written notice of default. If the debtors fail to cure said default within fifteen (15) days of said notice, First National Bank of America shall have relief from the stay without further order of the Court.
>
> 4. The debtor is to make proper payments to the Trustee to fund the plan. Should the debtor fail to make any payment to fund the plan, in the month in which they are due, First National Bank of America will give the debtor and debtors attorney a fifteen (15) day written notice of default. If the debtors fail to cure said default within fifteen (15) days of said notice, First National Bank of America shall have relief from the stay without further order of the Court.

Order, October 25, 2011, Docket No. 34.

The debtor failed to make the December 2011 payment. First National sent a notice to the debtor to cure the payment. The debtor failed to cure the default. A foreclosure was scheduled for February 20, 2012. On February 18, 2012, the debtor tendered a payment to First National in the approximate amount of $666.00, which was almost three months' mortgage payments. The foreclosure was continued to April 24, 2012, and then continued to May 23, 2012.

On May 23, 2012, the debtor filed a Motion to Dismiss Case. Docket No. 68. The Court entered an Order on May 23, 2012, granting the debtor's motion. Docket No. 69.

### C. Case No. 12-02476-BGC-13

The debtor filed Case No. 12-02476-BGC-13 on May 23, 2012, at 10:32 a.m. Docket No. 1. The debtor also filed a Motion to Impose Automatic Stay on May 23, 2012. Docket No. 5. The Court held an emergency hearing on the motion on May 23, 2012. Appearing were the debtor; Ms. Bozeman; and Mr. Greer. The Court entered an order based on the arguments of counsel and the pleadings. That order reads:

3

> 1. The Debtor's Amended Motion to Impose Automatic Stay is GRANTED and the automatic stay provided for in 11 U.S.C. Section 362(c)(4)(B) is imposed as to Rose Acceptance, Inc. only.
>
> 2. The oral objection by Rose Acceptance, Inc. c/o First National Bank of America is overruled. The debtor is to resume direct mortgage payment to Rose Acceptance, Inc. (according to the parties' mortgage contract) beginning with the mortgage payment due for July 2012. Rose Acceptance, Inc. shall file a proof of claim for the arrearage owed through June 2012. If the Debtor fails to make any direct monthly mortgage payments beginning with the mortgage payment due for July 2012, Rose Acceptance, Inc. shall give the debtor and debtor's attorney a fifteen (15) days written notice of default. If the debtor fails to cure said default within fifteen (15) days of said notice, Rose Acceptance, Inc. is granted relief from the stay without further notice or order of this Court.
>
> 3. Notice of the Debtor's Amended Motion to Impose Automatic Stay shall be given to all creditors (along with a copy of this order). The motion shall be set for a hearing in the normal course to consider whether the stay should be imposed as to the other creditors in this case.

Order, May 24, 2012, Docket No. 15.

The debtor failed to make the mortgage payments. Rose Acceptance sent a notice to cure the default. The debtor failed to cure the default. A foreclosure was scheduled for September 21, 2012.

The debtor has submitted two payments into his Chapter 13 case. Both payments were returned for insufficient funds.

The debtor testified that the value of his home is between $50,000 and $55,000. Rose Acceptance valued the home at $11,500.

The debtor proposes to amend his plan to include a pass-through mortgage payment to Rose Acceptance and cure his current arrearage.

## II. Current Facts

### A. Personal History

The debtor's wife passed away in 2009. The debtor has three children. Two of them are minors and live with him in the home his mother bought in 1975. His oldest child moved out of that home this summer to attend college on a full tuition scholarship. He is the first in the family to attend college. The debtor testified that he had expenses relating to his son moving to college, including clothes, books, furnishings, and

4

Case 12-00137-BGC    Doc 7    Filed 09/20/12    Entered 09/20/12 16:20:45    Desc Main
Document    Page 4 of 17

recreation. He also testified he should have less expenses for his son because of the scholarship and the son's not living at home. That son is also working as part of college.

The debtor's debt to Rose is a result of a loan for improvements in 2008. Because he has not made the payments on the loan, the loan has increased sharply.

### B. Employment and Income

The debtor owns his own business and has for about 18 years. He provides environmental products to commercial locations. He sells those products for an initial fee then charges the establishments to monitor the products and to replace parts when necessary.

He has a five-year contract with the University of Alabama at Birmingham (UAB) for these products and has been working there for about 12 to 13 years.[2] He is working with them to expand his services to other building on campus such as dorms and athletic facilities. The debtor has verbal contracts with other commercial facilities such as Miles College to supply his products. He sells his products directly on the weekend at a local flea market. He estimates that he receives from $500 to $1,000 per weekend.

The debtor testified that his income is approximately $3700 per month.

### C. Claim Payments

The defendant has filed a claim for post-petition arrears. Claim 2 was filed for $8,135.98. There has been no payment on that claim. The defendant represented at the hearing that the claim would need to be amended to reflect the cost of scheduling the September 21, 2012, foreclosure.

### D. Post-petition Mortgage Payments

The parties agree that the debtor's current post-petition arrears is $11,847.00.

### E. Plan Payments

The debtor's plan has not been confirmed to date. The Trustee was present at the hearing and represented that the debtor's plan payment would need to be $707.00 per month to pay the pass-through mortgage payment of $242.00 monthly for the debtor's current mortgage payment, and to cure the arrearage.

---

[2] The debtor testified that UAB has not paid his most recent invoice because the University is near its fiscal year-end and has not been able to process that bill.

5

### III. Parties' Positions

While the debtor's payment history with Rose has been dismal, Rose has been exceptionally kind in attempting to help the debtor resolve his financial problems. They do not, however, for obvious reasons, consent to the pending matter.

The debtor believes with less expenses because of his son's move and his increased income from an expanded business, he will be able to make Chapter 13 plan payments that include a pass-through mortgage payment and a fixed payment to Rose to cover his mortgage arrears.

### IV. Conclusions of Law

#### A. Rule 65

This matter is governed by Rule 65 of the Federal Rules of Civil Procedure. That rule is applicable to this matter through Rule 7065 of the Federal Rules of Bankruptcy Procedure. Rule 7065 reads, "Rule 65 F.R.Civ.P. applies in adversary proceedings, except that a temporary restraining order or preliminary injunction may be issued on application of a debtor, trustee, or debtor in possession without compliance with Rule 65(c)." Consequently, no security from the debtor is necessary.

For purposes of Rule 65, notice and an opportunity were given to the defendant on September 20, 2012, who was represented at the hearing.

#### B. Procedure

Essentially, this is a proceeding seeking relief from the Court's May 24, 2012, Order that lifted the stay as to the defendant when the debtor did not make his mortgage payments. This Court has considered legally similar cases.[3] In those cases this Court adopted and relied on <u>Teer v. Cygnet Finance Alabama, Inc. (In re Teer)</u>, Memorandum Opinion and Order, entered May 15, 1998, Case No. 97-07835, Adversary Proceeding No. 98-00157. In that case, another judge of this Court found that relief from an order lifting the automatic stay may be granted where the debtor demonstrates proof of extraordinary circumstances which led to the lifting of the stay

---

[3] See <u>Capps v. Principal Residential Mortgage, Inc. (In re Capps)</u>, Case No. 96-00673, Adversary Proceeding No. 98-00421, Opinion and Order entered November 24, 1998; <u>Owens v. Greentree Financial Corp. (In re Owens)</u>, Case No. 98-06574, Adversary Proceeding No. 99-00238, Opinion and Order, entered July 23, 1999; <u>Bonham v. Regions Mortgage, Inc. (In re Bonham)</u>, Opinion and Order entered October 1, 2002, Case No. 00-04702, Adversary Proceeding No. 02-00220.

6

and where a debtor offers proof that such relief would not harm the creditor's interest and where the debtor can provide adequate protection of the creditor's interest.[4]

For the pending matters, this Court adopts and relies on In re Teer and the matters this Court has decided previously, all of which, like the instant ones, are grounded in Rule 60 of the Federal Rules of Civil Procedure. That rule is applicable to this proceeding by Rule 9024 of the Federal Rules of Bankruptcy Procedure.

The pertinent part of Rule 60 provides:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
**(6) any other reason justifying relief from the operation of the judgment.**

Fed.R.Civ.P. 60. Subsection (6) only is operative here.[5]

---

[4] The debtor's testimony showed equity in the property of about $20,000 to $25,000. He represented that the tax assessor valued the property at $50,000. The defendant represented the value at $11,500 based on a drive-by appraisal.

[5] While Rule 60 relief is normally raised through a motion, the Court considers the issue raised by the debtor's complaint and motions.

7

Case 12-00137-BGC    Doc 7    Filed 09/20/12    Entered 09/20/12 16:20:45    Desc Main
Document      Page 7 of 17

## C. Rule 60(b)(6)

Orders of this Court are subject to the provisions of Rule 60(b)(6).[6] This is especially true with regard to orders granting automatic "future" relief from the automatic stay. Such orders can be brutal. Where they do not promote their intended purposes, they must be reviewed. And where enforcement produces inequitable results, Rule 60(b)(6) offers an alternative.

It is clear that the parties' intent in entering into several consents for "future" relief from the automatic stay was to encourage the debtor to make mortgage payments. In addition, it is clear from the mortgagee's perspective, such an order would limit its future costs and time if payments were not made.

In contrast, Rule 60(b)(6) allows this Court to consider an alternative. That alternative, as explained by the cases below, is whether "extraordinary circumstances" exists. As discussed below, this Court finds that they do.

Writing for the Court of Appeals for the Eleventh Circuit in In re Hughes, 873 F.2d 262 (11th Cir. 1989) Senior Circuit Judge John R. Brown, sitting by designation, wrote that there is, "A Place for Equity in Bankruptcy." Id. at 264. He explained:

> Without examining, or deciding, in detail whether and to what extent the decision is affected by the promulgation of Bankruptcy Rule 9024 and the extent, if any, that the matter is within the catch-all provision of comparable Rule 60(b)(6), we think that it is appropriate to follow what we long ago did in Goff. There we said: "considering all the facts and circumstances disclosed by the record, we conclude that it would be appropriate to remand the case to ... allow the bankrupt, at his own expense, a reasonable time in which to place his books and records in a condition that will substantially reflect his financial status." Goff v. Russell, 495 F.2d at 202. We conclude, therefore, that under Goff the bankruptcy judge should afford Hughes a further opportunity to avoid denial of discharge under § 727(a)(3) and (5) by presenting additional documents and records to the bankruptcy judge.

---

[6]According to Rule 60(b), relief under subsection (6) must be brought within a reasonable time. Fed.R.Civ.P. 60(b)(6). What is reasonable depends on the facts of each case. Golden Oldies, Ltd. v. Scorpion Auction Group, Inc., 199 F.R.D. 98, 100 (E.D.N.Y. 2001); Harduvel v. General Dynamics Corp., 801 F.Supp. 597, 603 (M.D. Fla. 1992). Periods equal to, and in excess of, the twenty months here have been considered reasonable. Matter of Emergency Beacon Corp., 666 F.2d 754, 760 (2nd Cir. 1981); In re Krautheimer, 210 B.R. 37, 45-46 (Bankr. S.D.N.Y. 1997). Based on the facts, the Court finds that the time within which relief was requested here was reasonable.

8

Id.

Clearly within this Circuit, this Court's consideration of Rule 60(b)(6) is appropriate here. In Hertz Corp. v. Alamo Rent-A-Car, Inc., 16 F.3d 1126 (11th Cir. 1994), Senior District Court Judge Truman M. Hobbs, sitting by designation, wrote:

> The trial court offered that it used Rule 60(b)(6) as a sanction against Hertz for failing to file an amended complaint. This constitutes error for two reasons. First, because a leave to amend is permissive, rather than mandatory, Briehler v. City of Miami, 926 F.2d 1001, 1002 (11th Cir.1991), sanctions are inappropriate. See also Mann v. Merrill Lynch, Pierce, Fenner, and Smith, Inc., 488 F.2d 75, 76 (5th Cir.1973) (impermissible to dismiss a case under Rule 41(b) for failure to amend complaint). Second, Rule 60(b)(6) is reserved for instances of genuine injustice, and does not permit a party or a judge to circumvent the clear commands of Rules 6(b) and 59(e). Rule 6(b) forbids a court to enlarge the time within which a Rule 59(e) motion may be served; condoning the trial court's use of Rule 60(b)(6) would serve to undermine finality, resurrect Boaz v. Mutual Life Ins. Co., 146 F.2d 321 (8th Cir.1944), and defeat the ends of Rules 6(b) and 59(e).

Id. at 1128 (footnote omitted) (emphasis added).

And in Cavaliere v. Allstate Ins. Co., 996 F.2d 1111 (11th Cir. 1993), Circuit Judge Ed Carnes wrote, "To the extent Cavaliere's argument is based on the catch-all provision of Rule 60(b)(6), this Court has observed "that relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Griffin, 722 F.2d at 680...." Id. at 1115.

Other courts agree.[7] Particularly helpful is the description by the court in In re Fonner, 262 B.R. 350 (Bankr. W.D. Pa. 2001). That opinion reads in part:

> Rule 60(b)(6) is a "residual" provision designed to cover unforeseen contingencies. Lasky v. Continental Products Corp., 804 F.2d 250, 255 n. 9 (3d Cir.1986). Relief is appropriate under this provision "only upon a showing of 'exceptional circumstances' " and where "absent such relief an 'extreme' and 'unexpected' hardship will result." Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir.1977). Intervening developments or changes in the law, without something more, rarely constitute "extraordinary circumstances" for purposes of Rule 60(b)(6). Agostini v. Felton, 521 U.S. 203, 239, 117 S.Ct. 1997, 2018, 138 L.Ed.2d 391 (1997). A motion

---

[7]See note 7 (original footnote 8 to In re Gledhill, 76 F.3d 1070 (10th Cir. 1996)) for a list of cases where Rule 60 was considered in the context of a lift stay order.

> brought under Rule 60(b)(6) should be granted if "appropriate to
> accomplish justice." Klapprott v. U.S., 335 U.S. 601, 614-15, 69 S.Ct.
> 384, 390, 93 L.Ed.2d 266 (1949).

Id. at 355 (emphasis added).

The decision of the Court of Appeals for the Tenth Circuit in In re Gledhill, 76 F.3d 1070 (10th Cir. 1996) explains this Court's authority in this regard.

Briefly the facts and the issue, as summarized by Judge Bobby R. Baldock were:

> This appeal involves a complex procedural history. Plaintiff State Bank of
> Southern Utah ("State Bank") obtained a bankruptcy court order granting
> it relief from automatic stay to foreclose a judgment lien it held in property
> owned by Debtors John H. and Gloria K. Gledhill. Shortly before the
> foreclosure sale, the Chapter 7 Trustee filed, inter alia, a motion under
> Bankruptcy Rule 9024 and Fed.R.Civ.P. 60(b) requesting the bankruptcy
> court to vacate its earlier order granting State Bank relief from stay. The
> Trustee wanted the court to vacate its order lifting the stay so that the
> Trustee could liquidate the property for the benefit of all the creditors.
> State Bank vigorously opposed the motion, arguing that the Trustee's
> motion for relief from the order granting relief from the stay sought
> reimposition of the automatic stay, which amounted to a request for
> injunctive relief under Bankruptcy Rule 7001(7). Under Rule 7001(7), a
> proceeding "to obtain an injunction or other equitable relief" must be
> brought as an adversary proceeding. Because the Trustee sought relief by
> motion as a contested matter--and not by initiating an adversary
> proceeding by serving a summons and a complaint--State Bank argued
> that the bankruptcy court lacked jurisdiction to consider the Trustee's
> motion.

Id. at 1072.

At the trial level, the bankruptcy court found that the trustee demonstrated circumstances that justified vacating the court's earlier order lifting the stay. The court then vacated the earlier order, which in turn "reimposed" the automatic stay and prevented the scheduled foreclosure sale. The district court affirmed. The circuit court affirmed.

Again, writing for the court Judge Baldock explained:

> The Trustee filed a motion: (1) pursuant to Rule 9024 and Fed.R.Civ.P.
> 60(b) for relief from the order granting State Bank relief from the
> automatic stay ("Rule 60(b) motion"), and (2) to reimpose the automatic
> stay under 11 U.S.C. § 105(a) ( "§ 105(a) motion").

....

State Bank argues that bankruptcy courts have uniformly held that requests to reimpose the automatic stay require the filing of an adversary proceeding. The cases State Bank cite are inapposite. Significantly, State Bank directs us to cases that do not involve motions to vacate orders lifting the automatic stay under Rules 60(b) and 9024, but requests to reimpose the automatic stay under 11 U.S.C. § 105(a). The bankruptcy court in the instant case, however, did not reimpose the automatic stay under 11 U.S.C. § 105(a), but vacated its order granting relief from stay under Rule 60(b) and Rule 9024. The distinction between a Rule 60(b) motion to vacate an order lifting the stay and a request to reimpose the automatic stay under 11 U.S.C. § 105(a) determines whether the movant may proceed by motion as a contested matter under Rule 9014, or must file an adversary proceeding under Rule 7001. Courts have uniformly held that a request to reimpose the automatic stay under 11 U.S.C. § 105(a) constitutes "a proceeding to obtain an injunction or other equitable relief" under Rule 7001(7), which requires the filing of an adversary proceeding.[8] In contrast, State Bank cites no authority--nor have we found any--that stands for the proposition that a Rule 60(b) and Rule 9024 motion

---

[8]Original footnote 6 to this passage reads:

> See Wedgewood Inv. Fund, Ltd. v. Wedgewood Realty Group, Ltd. (In re Wedgewood Realty Group, Ltd.), 878 F.2d 693, 701 (3d Cir.1989) ("[A] lapsed stay may be reimposed under the equitable provisions of section 105(a), provided that the debtor has properly applied for such injunctive relief [under Rule 7001]."); Ramirez v. Whelan (In re Ramirez), 188 B.R. 413, 416 (9th Cir. P 1995) ("In order to have a vacated stay 'reimposed,' one must ordinarily file an adversary proceeding seeking an injunction under 11 U.S.C. § 105.") (Klein, J., concurring); Stacy Fuel & Sales, Inc. v. Ira Phillips, Inc. (In re Stacy), 167 B.R. 243, 248 (N.D.Ala.1994) ("Under the Federal Rules of Bankruptcy Procedure [a motion to reimpose the automatic stay under § 105(a) ] ... could not have been obtained by motion but rather necessitated the institution of an adversary proceeding."); In re Parker, 154 B.R. 240, 243 (Bankr.S.D.Ohio 1993) (holding that court has power to reimpose the automatic stay under § 105(a) but may do so only in adversary proceeding); American Indus. Loan Ass'n v. Voron (In re Voron), 157 B.R. 251, 252-53 (Bankr.E.D.Va.1993) (same); Nasco P.R., Inc. v. Chemical Bank (In re Nasco P.R., Inc.), 117 B.R. 35, 38 (Bankr.D.P.R.1990) ("The bankruptcy court has power under Section 105(a) to reimpose a stay ... [but a] party wishing to invoke the Court's injunctive power under Section 105(a) must file an adversary proceeding....").

11

requesting a bankruptcy court to vacate an order lifting the automatic stay constitutes a request for an injunction that requires an adversary proceeding under Rule 7001(7).[9] Instead, in accord with our interpretation of the Rules, the courts that have addressed Rule 60(b) in this context agree that a party may seek relief from a bankruptcy court order lifting the automatic stay by filing a motion pursuant to Rules 9024 and 60(b) without filing an adversary proceeding.[10] Consequently, because the bankruptcy

---

[9]Original footnote 7 to this passage reads:

> The dissent states that "[t]he weight of authority supports State Bank['s]" argument that Rule 60(b) relief in the instant case "constitutes injunctive relief requiring an adversary proceeding in accordance with Bankruptcy Rule 7001(7)." Dissent at 3. The dissent, however, like State Bank, fails to identify a single case in support of the proposition that a Rule 60(b) motion requesting a bankruptcy court to vacate an order lifting the automatic stay constitutes a request for an injunction under § 105 that requires an adversary proceeding. Instead, the dissent cites cases that do not even mention Rule 60(b) to support its argument that as a matter of law Rule 60(b) relief in the instant case constituted a request for injunctive relief under § 105. Indeed, the dissent fails to recognize the determinative distinction between a Rule 60(b) motion to vacate an order lifting the stay and a request to reimpose the automatic stay under 11 U.S.C. § 105(a).

[10]Original footnote 8 to this passage reads:

> See Metmor Fin., Inc. v. Bailey (In re Bailey), 111 B.R. 151, 152-53 (W.D.Tenn.1988) (affirming bankruptcy court's order granting debtor's Rule 9024 and Rule 60(b)(6) motion to vacate an order lifting the automatic stay); Ramirez v. Whelan (In re Ramirez), 188 B.R. 413, 416 (9th Cir. BAP 1995) ("Occasionally, it might suffice to revive the stay by way of motion for reconsideration under Federal Rules of Civil Procedure 59(e) or 60(b), which are applicable in bankruptcy by virtue of Federal Rules of Bankruptcy Procedure 9021 and 9023 [sic].") (Klein, J., concurring); In re AL & LP Realty Co., 164 B.R. 231, 232-34 (Bankr.S.D.N.Y.1994) (recognizing that under Rules 9024 and 60(b)(6) debtor properly filed motion seeking relief from consent order modifying the automatic stay); In re Fuller, 111 B.R. 660, 661-63 (Bankr.S.D.Ohio 1989) (holding that a "motion to reinstate automatic stay" was properly filed under Rules 9024 and 60(b) as a motion to vacate a default order lifting the automatic stay); In re Keul, 76 B.R. 79, 82 (Bankr.E.D.Pa.1987) ("[A]n order granting relief from stay is subject to being altered or vacated pursuant to Fed.R.Civ.P. 60(b)(6) and Bankr. Rule 9024."); In re Kanuika, 76

court vacated its order lifting the stay under Rule 60(b) as opposed to reimposing the stay under § 105, we reject State Bank's argument that settled precedent mandated that the Trustee seek Rule 60(b) relief by filing an adversary proceeding.

In sum, we hold that the plain language of Rules 9024 and 60(b) and settled precedent permitted the Trustee to request Rule 60(b)(6) relief from the order granting relief from stay by filing a motion as a contested matter. The district court did not err, therefore, by concluding that the bankruptcy court properly determined that the Bankruptcy Rules authorized the Trustee to proceed by motion without filing an adversary proceeding.

Id. at 1079-80 (footnotes 6,7,and 8 included) (footnote 9 omitted).

Judge Baldock concluded:

"Federal Rule of Civil Procedure 60(b) provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863, 108 S.Ct. 2194, 2204, 100 L.Ed.2d 855 (1988). We have observed that Rule 60(b) "gives the court a 'grand reservoir of equitable power to do justice in a particular case.' " Pierce v. Cook & Co., 518 F.2d 720, 722 (10th Cir.1975) (en banc) (quoting Radack v. Norwegian America Line Agency, Inc., 318 F.2d 538, 542 (2d Cir.1963)), cert. denied, 423 U.S. 1079, 96 S.Ct. 866, 47 L.Ed.2d 89 (1976). Rule 60(b)(6) grants federal courts broad authority to relieve a party from a final judgment "upon such terms as are just ... for ... any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). "District courts may grant a Rule 60(b)(6) motion only in 'extraordinary circumstances' and only when such action is necessary to accomplish justice." Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 729 (10th Cir.1993); see also Johnston v. Cigna Corp., 14 F.3d 486, 497 (10th Cir.1993) ("Relief under Rule 60(b)(6) ... is warranted only in exceptional circumstances"), cert. denied, 514 U.S. 1082, 115 S.Ct. 1792, 131 L.Ed.2d 720 (1995). A court may not premise Rule 60(b)(6) relief, however, on one of the specific

---

B.R. 473, 477-78 (Bankr.E.D.Pa.1987) (allowing debtor to file a motion under Rules 9024 and 60(b) for relief from an order lifting the automatic stay); Commonwealth of Pennsylvania State Employees' Retirement Fund v. Durkalec (In re Durkalec), 21 B.R. 618, 619-20 (Bankr.E.D.Pa.1982) (granting Chapter 7 debtor's motion under Rule 60(b)(6) to vacate an order lifting the automatic stay due to changed circumstances).

13

grounds enumerated in clauses (b)(1) through (b)(5). Liljeberg, 486 U.S. at 863, 108 S.Ct. at 2204.

We review a lower court's ruling on a Rule 60(b)(6) motion for abuse of discretion. Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 39 F.3d 1482, 1491 (10th Cir.1994). Because a court "has substantial discretion in connection with a Rule 60(b) motion," Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir.1990), "[w]e will reverse the district court's determination 'only if we find a complete absence of a reasonable basis and are certain that the district court's decision is wrong.' " Johnston, 14 F.3d at 497 (quoting Pelican Prod. Corp., 893 F.2d at 1147).

Applying these principles to the instant case, we believe the district court correctly concluded that under the exceptional circumstances of this case the bankruptcy court did not abuse its discretion in granting the Trustee's motion for relief from the order lifting the stay under Rule 60(b)(6). The bankruptcy court emphasized that the circumstances of the case had changed significantly since it granted State Bank relief from stay to foreclose the property. The bankruptcy court granted State Bank relief from stay in part because Debtors had filed a serial petition in bad faith to prevent State Bank from foreclosing the property. Thus, in the context of the Chapter 11 reorganization, the February 17, 1993 order lifting the stay "punished" Debtors for seeking bankruptcy protection in bad faith, and allowed State Bank to foreclose its judgment lien. By December 1993, however, the case had been converted to a Chapter 7 liquidation. A foreclosure sale in the Chapter 7 would not punish Debtors, but other creditors because the estate would receive less from a foreclosure sale to distribute to creditors than it would by permitting the Trustee to liquidate the property in a commercially reasonable manner.

Id. at 1080-81.

### D.  Application of Rule 60(b)(6)

What factors should this Court consider in determining whether relief should be allowed under Rule 60(b)?  Writing for the Court of Appeals for the Fifth Circuit in Seven Elves, Inc. v. Eskenazi, 635 F.2d 396 (5th Cir. 1981), (adopted by the Court of Appeals for the Eleventh Circuit in Rice v. Ford Motor Co., 88 F.3d 914, 919 (11th Cir. 1996)), Circuit Judge Tate explained:

In United States v. Gould, 301 F.2d 353, 355-56 (5th Cir. 1962), quoting 7 Moore's Federal Practice P 60.19, at 237-39, this court delineated factors that should inform the district court's consideration of a motion under Rule 60(b): (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the

> rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack. These factors are to be considered in the light of the great desirability of preserving the principle of the finality of judgments. Id.

Id. at 402. The Court has considered those factors here.

The circumstances of this case have changed significantly since this Court granted Rose relief from stay to foreclose the property. The bankruptcy court granted that relief from stay in part because the debtor had filed two prior cases involving the same property and Rose's mortgage without making payments on that mortgage. In contrast, the debtor's situation is different now. His oldest child has moved to college. That child has a job and a full tuition scholarship. That child will require little expenses from his father. The debtor has maintained his business for 18 years and is now in a posture to expand it. He has future sites under consideration. He is expecting a significant payment from his primary customer shortly. And while the debtor's wife died several years ago, it is clear to the Court that he and his children (or at least the oldest) are finally moving forward with their lives. It may be that they have turned the corner and will be able to make significant financial changes. He has maintained his business for 18 years.

As discussed above, the Court of Appeals for the Eleventh Circuit recognized in Hertz Corp. v. Alamo Rent-A-Car, Inc., 16 F.3d 1126, 1128 (11th Cir. 1994) that, "Rule 60(b)(6) is reserved for instances of genuine injustice...." The pending matter is one of those rare instances. The debtor and his children should be given this extra chance and should be allowed to remain in their home, so long as they continue to make monthly mortgage payments.

Therefore, in applying the legal principles discussed above, while the Court recognizes that final judgments should not lightly be disturbed, the Court finds that relief should be awarded here to achieve substantial justice. For purposes of Rule 60(b)(6), exceptional circumstances exist.

Consequently, the Court finds that the debtor should be temporarily relieved from operation of the "future" relief provision of the May 24, 2012, order. Therefore the stay did not lift and the foreclosure may not be held on September 21, 2012.

15

## E. Injunctive Relief

Procedurally, if the debtor is relieved of the operation of the consent order pursuant to Rule 60, the stay did not lift and the foreclosure cannot go forward. However, the vehicle for accomplishing that relief is the debtor's request for injunctive relief. To grant such relief however, this Court must find that the Debtor has satisfied four prerequisites.

Writing for the Court of Appeals for the Eleventh Circuit in Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205 (11th Cir. 2003), Judge Donald C. Pogue, sitting by designation from the United States Court of International Trade, lists the four requirements that must be met in order for this Court to issue either a temporary restraining order or preliminary injunction. He writes:

> A district court may issue a preliminary injunction where the moving party demonstrates:
>
> (1) a substantial likelihood of success on the merits;
> (2) that irreparable injury will be suffered unless the injunction issues;
> (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and
> (4) if issued, the injunction would not be adverse to the public interest.

Id. at 1210 (citing Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir.2000); McDonald's Corp., 147 F.3d at 1306; All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir.1989)).[11]

Based on the above, the Court finds that if a final hearing were held on the injunctive relief requested:

a. There is a substantial likelihood of the debtor's success on the merits of a 60(b)(6) challenge;

b. If the defendant were allowed to foreclose on the debtor's home, the debtor would suffer irreparable injury as a foreclosure would prevent the debtor from rehabilitating the mortgage in a Chapter 13 case;

---

[11] The same standard applies in considering whether to issue a temporary restraining order. Parker v. State Bd. of Pardons and Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001).

16

c. The defendant is adequately protected because of the equity in the debtor's home; the debtor will pay any arrears, and cost of the foreclosure setting, through his case; and with continuation of the future relief provision of the May 24, 2012, order the movant will be protected in regard to future mortgage payments; and

d. Issuance of the injunction will not disserve the public interest.

### F. Conclusion

For the above reasons and pursuant to Rule 65 of the Federal Rules of Civil Procedure (applicable to this proceeding by Rule 7065 of the Federal Rules of Bankruptcy Procedure), the Court concludes that the debtor is temporarily relieved from operation of the Court's May 24, 2012, Order, the automatic stay of section 362 of the Bankruptcy Code is in effect, and that the defendant is due to be enjoined from foreclosing on the debtor's home on September 21, 2012.[12]

A separate order will be entered contemporaneously with this Memorandum Opinion.

Dated: September 20, 2012          /s/Benjamin Cohen
                                   BENJAMIN COHEN
                                   United States Bankruptcy Judge

---

[12]Pursuant to Rule 7065, a preliminary injunction may be issued on application of a debtor without security. Because of the notice provided the defendant, the Court need not rule on the <u>Motion for Temporary Restraining Order</u>.